## INFECTIOUS DISEASE OF INDIANAPOLIS, P.S.C., and Douglas H. Webb, M.D., Appellants–Defendants,

v.

## Ruth TONEY, Appellee–Plaintiff.

### No. 49A05–0402–CV–80.

Court of Appeals of Indiana.

May 13, 2005.

Nana Quay–Smith, Daniel R. Fagan, Kelly R. Eskew, Bingham McHale LLP, Indianapolis, IN, Attorneys for Appellants.

Mary J. Hoeller, Indianapolis, IN, Attorney for Appellee.

Kevin Charles Murray, Julia Blackwell Gelinas, Lucy R. Dollens, Locke Reynolds LLP, John P. Gulyas, Indiana Department of Insurance, Indianapolis, IN, Attorneys for Amicus Curiae.

## OPINION ON REHEARING

VAIDIK, Judge.

Both parties have petitioned this Court for rehearing on *Infectious Disease of In-dianapolis, P.S.C. v. Toney,* 813 N.E.2d 1223 (Ind.Ct.App.2004), albeit for different reasons. We now grant rehearing for the purpose of amending our earlier opinion.

In *Infectious Disease,* we found that Toney had a full and fair opportunity to litigate her total damages and therefore held that Toney was collaterally estopped from seeking a second recovery for the same injuries from Dr. Webb. Today, we stand by that determination. However, we retract the following portion of our earlier opinion:

> This is not to say, however, that Dr. Webb should have been granted summary judgment in his favor. We merely find that Toney is precluded from recovering additional monetary damages from Dr. Webb for injuries for which she has already been compensated. Toney has not, however, been afforded an opportunity to attempt to establish whether Dr. Webb is liable for malpractice. In other words, there is not an identity of issues—and therefore collateral estoppel does not apply—when it comes to establishing whether Dr. Webb committed medical malpractice when he treated Toney's infection. We are mindful that there is no monetary incentive to pursuing a claim against Dr. Webb based on our conclusion that Toney recovered her full measure of damages. Although the recovery of damages is undeniably a major impetus in the pursuit of any lawsuit, we must not totally discount an injured plaintiff's desire to prove that she has been wronged by another to achieve a catharsis of sorts. Hence, we conclude that Toney, if she so chooses, should be permitted the opportunity to establish Dr. Webb's negligence.

*Id.* at 1231. We do so because, as we stated before, Toney received the full measure of her damages, and thus, the princi-

ple of satisfaction precludes the continuation of her suit against Dr. Webb.

This then resurrects Toney's arguments that the summary dismissal of her claim against Dr. Webb contravenes the Indiana Constitution and "promotes a lack of accountability for acts of a health care provider in caring for persons injured by the preceding negligence of another health care provider." Appellee's Br. p. 11.

Specifically, Toney claims that summary dismissal of her claim against Dr. Webb violates Article I, Sections 12[1] and 20[2] of the Indiana Constitution and contravenes the public policy of promoting safe health care. While these arguments are superficially compelling, the crux of this case is that Toney made an election. That election was to petition the Patient's Compensation Fund for excess damages before establishing Dr. Webb's negligence and to present evidence on all her damages—i.e., she adjudicated her full measure of loss— at the excess damages hearing. By making such an election and upon recovering her full measure of damages, Toney foreclosed her opportunity to proceed against Dr. Webb. *See, e.g.,* Restatement (Second) of Judgments, § 50 cmt. d (1982) ("[W]hen a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforc[ea]ble claim against any other obligor who is responsible for the same loss."). Therefore, she cannot now complain that her constitutional rights are violated because she is being denied access to a jury trial and the ability to hold a physician accountable for his actions. *See*

*McIntosh v. Melroe Co.,* 729 N.E.2d 972, 979 (Ind.2000) ("If the law provides no remedy, Section 12 does not require that there be one."). In all other respects, we affirm our original opinion.

RILEY, J., and MAY, J., concur.

---

1. Article I, Section 12 of the Indiana Constitution provides, "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase, completely, and without denial; speedily, and without delay."

2. Article I, Section 20 of the Indiana Constitution provides, "In all civil cases, the right of trial by jury shall remain inviolate." We have previously opined, however, that "[t]his constitutional right is not absolute and may be waived." *Scott v. Crussen,* 741 N.E.2d 743, 746 (Ind.Ct.App.2000), *trans. denied.*